UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNUM LIFE INSURANCE COMPANY OF AMERICA,**<br><br>   Plaintiff,<br><br>   v.<br><br>**SIONE PAUU,**<br><br>   Defendant. | Case No. 14-cv-02960-YGR<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 32 |

Plaintiff Unum Life Insurance Company of America ("Unum") has filed an ex parte motion for a temporary restraining order and/or preliminary injunction (Dkt. No. 32) seeking an order to enjoin Defendant Sione Pauu ("Pauu") from dissipating alleged overpaid assets which are at stake in this litigation. The motion was filed, and notice given, on January 21, 2015. No opposition has yet been filed.

Having carefully considered the papers submitted and the complaint in this action, and for the reasons set forth below, the Court hereby **DENIES** the motion.

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1347 n.2 (1977); *Stuhlbarg lnt'l Sales Co., Inc. v. John D. Brush & Co., Inc.,* 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Preliminary injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, is an "extraordinary and drastic remedy," that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (internal citations omitted). In order to obtain such relief, a plaintiff must establish four factors: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council. Inc.,* 555 U.S. 7, 20 (2008).

1 Unum has not submitted evidence sufficient to establish a likelihood of success on the merits of any claim. The claims herein are for conversion, unjust enrichment, quasi-contract, and declaratory relief. The only documents submitted in connection with the motion are a copy of the unverified complaint and its attachments, which are do not constitute admissible evidence. *Coverdell v. Dep't of Soc. & Health Servs., State of Wash.*, 834 F.2d 758, 762 (9th Cir. 1987) (unsworn factual allegations in briefing and unverified complaint insufficient to oppose motion for summary judgment). Thus Unum's showing on this factor is inadequate.

As to irreparable injury, Unum has not established entitlement to the extraordinary remedy of an asset freeze or that a damages remedy would be insufficient under the circumstances. "While a court generally has the power to preserve the status quo by equitable means [and] [a] preliminary injunction is such a means...the equitable power to freeze assets does not exist in all cases: it exists only as ancillary relief necessary to accomplish complete justice." *Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc.*, 970 F.2d 552, 560 (9th Cir. 1992) (internal citations and quotations omitted). The argument that a defendant might not have sufficient funds to pay a money judgment is not, standing alone, sufficient reason to grant an asset freeze.

Similarly, there is no showing on the factors of balance of equities or the public interest affected. As a consequence, the motion must be and is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 26, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**